UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 AUG -9  ⎕  9: 47

| | |
|---|---|
| HAROLD EVANS, <br>      Petitioner, | ) ) ) |
| v. | ) ) Civ. Action No. 04-CV-40117  DPW |
| DAVID L. WINN, WARDEN, <br>      Respondent. | ) ) ) ) ) ) |

## MEMORANDUM OF RESPONDENT WINN
## IN OPPOSITION TO PETITIONER'S REQUEST FOR RELIEF
## AND IN SUPPORT OF MOTION TO DISMISS

Petitioner, an inmate at Federal Medical Center, Devens, seeks habeas relief under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has incorrectly calculated credit against his sentence for good conduct time. For the reasons stated below, the petition fails to state a claim upon which relief can be granted and must therefore be dismissed.

### STATEMENT OF FACTS[1]

The United States District Court for the Western District of Virginia sentenced Petitioner, December 30, 1999, to a term of 60 months imprisonment for Conspiracy to Transport and Receive in Interstate Commerce Stolen Vehicles and Goods and to

---

[1] In accordance with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir.1994).

Obliterate Motor Vehicle Identification Numbers in violation of 18 U.S.C. § 371 and a term of 78 months for Receiving, Possessing, Concealing, Storing and Disposing of a Stolen Motor Vehicle, concluding on August 11, 1999, in violation of 18 U.S.C. § 2313 and 2. See Declaration of Stephanie Scannell, Federal Bureau of Prisons, Consolidated Legal Center, Federal Medical Center (FM) in Devens, Massachusetts. Exhibits 1a - b. Petitioner surrendered to the custody of the BOP on January 27, 2000. Id., attachment 1d.

Pursuant to the BOP's established practice concerning the calculation of Good Conduct Time ("GCT") credits, the BOP has determined that Petitioner will be entitled to 282 days of GCT credited against his sentence, in the event that all of his GCT is allowed, such that his projected release date is October 15, 2005.[2] Id., attachments 1d, 1e.  The Petitioner contends that the BOP has incorrectly determined his GCT credits and that he is entitled to larger number of GCT credits, although he does not say how many those may be.  Petitioner contends that the BOP is using an incorrect and illegal method to calculate his GCT credits of 54 days of GCT for each year served when the correct method is 54 days of GCT for each year of "sentence imposed," and Petitioner requests that the Court direct the BOP to recalculate Petitioner's GCT credits in Petitioner's favor.

Petitioner seeks the assistance of the Court prior to undertaking administrative

---

[2]    Petitioner received prior jail credit of two days, for January 14, 1999 and January 19, 1999. Id., attachment 1d.   In the event that all of his remaining Good Conduct Time is disallowed, Petitioner's full term expiration date is July 24, 2006. Id.
    The BOP's determination of Petitioner's GCT credits, assuming good behavior, is set forth in attachment a to the Scannell Decl.

remedies. <u>Id</u>. § 3-4, attachment 1h.

ARGUMENT

## I. THE PETITION SHOULD BE DISMISSED BECAUSE IT IS NOT RIPE FOR JUDICIAL REVIEW

As noted, Petitioner's claim that the BOP has improperly calculated his GCT credits has not been presented to BOP. <u>Id</u>. §§ 3-4. The petition should be dismissed under the traditional requirement that a prisoner must exhaust his administrative remedies before applying for habeas relief under 28 U.S.C. § 2241. <u>Rogers v. United States</u>, 180 F.3d 349, 357-58 (1st Cir. 1999)(request for credit for prior custody must be made, in the first instance, to BOP); <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996); <u>Gonzalez v. Perrill</u>, 919 F.2d 1 (2d Cir. 1990); <u>United States v. Flanagan</u>, 868 F.2d 1544, 1546-47 (11th Cir. 1989). A prisoners may file a habeas corpus petition seeking judicial review of any jail-time credit determination only after administrative remedies have been exhausted. <u>Rogers v. United States</u>. 180 F.3d at 358.[3]

Moreover, the facts regarding Petitioner's claim are unripe at this time because his claim merely speculates that he will be entitled to further GCT credits toward the end of his prison term, when he has not yet engaged in the good conduct to earn them. <u>Maryland Casualty Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)(judicial review

---

[3] Petitioner is aware of the administrative requirement, as he has utilized the BOP administrative remedy process in the past. <u>Id</u>. attachment 1h.

available only when an actual controversy exists that has a definite, concrete and specific set of facts and issues). The difference is only a matter of days between what the BOP calculates as the probable number of GCT credits if Petitioner's conduct is exemplary in the future and the number that Petitioner calculates. Petitioner may or may not display conduct earning additional GCT's and if he does, the difference in calculations may be negligible (the <u>maximum</u> difference in the two calculations appears to be approximately 15 days GCT, assuming conduct that cannot yet be in evidence). <u>Id.</u>, attachment 1e. The courts have refused to intervene in abstract disagreements on administrative actions. <u>Ewing v. Mytinger & Casselberry</u>, 339 U.S. 594 (1950). The rationale of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148 (1967). <u>Ernst & Young v. Depositors Econ. Protection Corp.</u>, 45 F.3d 530, 535 (1st Cir. 1995) (whether claim is ripe "typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends on facts that may not yet be sufficiently developed"). A matter is not ripe for adjudication absent "the threat of significant and immediate impact on the plaintiff." <u>Toilet Goods Ass'n v. Gardner</u>, 387 U.S. 158, 162-64 (1967).

The volume of litigation by prisoners has been a serious concern over many years.[4]

---

[4]Indeed, the Petition in this action is merely a form filed by many inmates, with blanks left and filed in for petitioners' name and length of sentence.

Where substantial rights are at issue, early intervention by the courts may serve an important function. However, judicial review of a prospective early release determination, before it is clear that there will ever be a concrete need for the determination, serves no substantial purpose.

II.    THE BUREAU OF PRISONS' CALCULATION OF PETITIONER'S GOOD CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)

Petitioner asserts that the BOP incorrectly calculates his Good Conduct Time ("GCT") by substituting "years served" for "term of imprisonment" in 18 U.S.C. § 3624(b). BOP's method of calculation is correct.

   .    The Governing Statute; the BOP Regulation; and Program Statement 5880.28

The federal statute governing GCT credits under the Sentencing Reform Act for all offenses committed after November 26, 1996 (which is the case with Petitioner), appears at 18 U.S.C. § 3624(b). The statute provides:

> (b) Credit toward service of sentence for satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or

5

portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

The implementing BOP regulation at 28 C.F.R. § 523.20 provides:

**Good conduct time.**

. . . Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.
(a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.
(b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter).

28 C.F.R. § 523.20.

The application of the statute and BOP regulation is explained in a BOP internal guideline, Program Statement 5880.28, Sentence Computation Manual CCCA ("PS 5880.28") (relevant portions are attached as attachment f to the Scannell Decl.) Consistent with the statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by

the model prisoner shall be prorated to 0.148 days of credit for every actual day served during good behavior (54/365 = 0.148).  Id.[5]

While Petitioner's interpretation of § 3624(b) is unclear, assumedly, he is seeking days of GCT credit for time at the end of his sentence that he will never actually serve because his sentence has been previously shortened by prior GCT credits.  The Petitioner's theory is flatly inconsistent with the statutory requirement that credit be given "at the end of each year of the prisoner's term of imprisonment" (emphasis added), and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated. . . ."  Stated another way, if, as the Petitioner asserts, "term of imprisonment" were interpreted to mean "term of the sentence," it would be impossible for the BOP to give credit "at the end of each year of the prisoner's term of imprisonment," since the petitioner would, under his theory, no longer be under BOP custody during his last year.

The plain meaning of § 3624(b) supports the BOP's position. The statute sets forth the yearly occasion for the determination of each year's GCT credit: "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b).  At that time, the BOP is to examine the prisoner's record of conduct over the year past and decide whether that

---

[5] The Program Statement sets forth a mathematical model that is straight-forward in concept.  It establishes a series of computations that adjust for the fact that each additional day of GCT credit results in one day less of time served.  The days of credit and days of time served each need to be adjusted until the ratio of credit to time served (0.148) is proper.  The calculations applicable to the Petitioner are set forth in Exhibit I hereto.

prisoner has shown "exemplary compliance with institutional disciplinary regulations."
18 U.S.C. § 3624(b)(1). Thus, the GCT statute operates on a yearly, ongoing basis, as
time is served, until the sentence is satisfied. It follows that if a prisoner cannot receive
his 54 days of GCT until after each year of the term is complete, then a prisoner cannot
receive any GCT for time not actually served.

The statute also provides, "Credit that has not been earned may not later be
granted." Thus, the language clearly indicates that GCT credit must be earned.
Petitioner's interpretation runs afoul of the plain language of the statute. If GCT credit
were awarded based on length of sentence, as Petitioner urges, credit would be awarded
for time not actually spent in prison, in other words, credit given that was never actually
earned.

The statutory language is not ambiguous. But if it is, the BOP's interpretation is
entitled to substantial deference. It is set forth in a duly promulgated regulation, and
consequently is entitled to full deference under Chevron U.S.A. Inc. v. Natural Resources
Defense Council, 467 U.S. 837 (1984). See Pacheco-Camacho v. Hood, 272 F.3d 1266,
1270 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002). Under Chevron, the BOP's
regulation is to be upheld if it is "based on a permissible construction of the statute." 467
U.S. at 843. The discussion above demonstrates that the BOP's interpretation meets this
standard.

The only two circuit courts to have considered the issue raised here have upheld

the BOP position. In Pacheco-Camacho the Ninth Circuit rejected the same argument made by the Petitioner here. The court noted that the petitioner's argument in that case would "confer upon the prisoner a bonus during his last year of imprisonment." 272 F.3d at 1269. After examining the statutory language, the court concluded, "Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year." Id. The court further concluded that the BOP's implementing regulation was entitled to Chevron deference and that it reflected a permissible interpretation of the statute. Id. at 1270-1271.

The Court of Appeals for the Sixth Circuit, in two unpublished opinions, has also upheld the BOP's approach to determining GCT credits. See Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001) ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").

The Petitioner relies on White v. Scibana, 2003 WL 23171593 (W.D. Wis. 2003), which held to the contrary. The Respondent suggests that the White opinion is not well reasoned. The court in White gives no consideration to the statutory language that credit be established "at the end of each year of the prisoner's term of imprisonment," and offers no analysis of how, under the Petitioner's theory, "credit for the last year or portion of a

9

year . . . shall be prorated . . . ." The court in <u>White</u> also fails to acknowledge the

statutory command that "credit that has not been earned may not later be granted."

Accordingly, <u>White</u> should not be followed. The BOP's calculation of Petitioner's GCT

credit is correct, and the Petitioner's position without merit.

## CONCLUSION

For the above reasons, the Petition for habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

ANITA JOHNSON
Assistant U.S. Attorney
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3282

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon Petitioner Harold Evans, 06646-084, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class mail, postage prepaid mail on this 9th day of August, 2004.

_____