UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
HAROLD EVANS,                             )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )        Civ. No. 04-CV-40117-DPW
                                          )
DAVID L. WINN, WARDEN,                    )
                                          )
            Respondent.                   )
_____)


**SUBSTITUTE MEMORANDUM OF RESPONDENT WINN
IN OPPOSITION TO PETITIONER'S REQUEST FOR RELIEF
AND IN SUPPORT OF MOTION TO DISMISS**


Petitioner, an inmate at Federal Medical Center, Devens, seeks habeas relief under

28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has incorrectly

calculated credit against his sentence for Good Conduct Time ("GCT").  Petitioner

contends that he will be entitled to a shortening of his sentence by 351 days of GCT,

approximately 69 days of GCT more than BOP estimates that he may earn.  Petitioner's

claims are unripe and ill-founded, and his petition must be denied.

## STATEMENT OF FACTS[1]

The United States District Court for the Western District of Virginia sentenced Petitioner, December 30, 1999, to a term of 60 months imprisonment for Conspiracy to Transport and Receive in Interstate Commerce Stolen Vehicles and Goods and to Obliterate Motor Vehicle Identification Numbers in violation of 18 U.S.C. § 371 and a term of 78 months for Receiving, Possessing, Concealing, Storing and Disposing of a Stolen Motor Vehicle, in violation of 18 U.S.C. § 2313 and 2.  See Declaration of Stephanie Scannell, Federal Bureau of Prisons, Consolidated Legal Center, Federal Medical Center (FMC) in Devens, Massachusetts (filed under seal), Attachments A - B. Petitioner surrendered to the custody of the BOP on January 27, 2000.  Id., Attachment D.

The BOP has determined that Petitioner will be entitled to 282 days of GCT credited towards the remainder of his sentence, in the event that his conduct is exemplary in the future and all of the possible GCT is allowed.[2]  Id., Attachments D, E.   The statute provides that federal inmates are entitled by statute to "up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the

---

[1]  In accordance with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion.  See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir.1994).

[2]   Petitioner received prior jail credit of two days, for January 14, 1999 and January 19, 1999.  Id., Attachment D.   Granting GCT already credited and assuming exemplary conduct from the present forward, Petitioner is projected to be released on October 15, 2005.  If Petitioner accrues no additional GCT, he is to be released July 24, 2006.  Id.
    The BOP's determination of Petitioner's GCT credits, assuming exemplary conduct, is set forth in Attachment A to the Scannell Decl.

term." 18 U.S.C. § 3624(b)(1).   Petitioner appears to contend that the "term of

imprisonment" in the statute refers to each year of the sentence imposed by the Court.[3]

Petition at 2.   BOP takes the position that the "term of imprisonment" refers, instead, to

the term of imprisonment actually served.   The term actually served is shorter because

Petitioner's sentence has been shortened by his previous GCT credits.   He will never

serve the full sentence imposed on him, and his annual credits are not based that portion

of his imposed sentence that is never served.[4]

Petitioner seeks the assistance of the Court prior to undertaking administrative

remedies, and requests that the Court calculate his GCT credits and direct the BOP to

adopt them before the totality of GCT credits applicable to petitioner is known.   Id. § 3-4,

Attachment H.

---

[3]   Petitioner's imposed sentence was 6.5 years x 54 days, so, according to his method of calculation, he is entitled to a total possible GCT of 351.

[4] Under Petitioner's theory, he would get credit for the six month (120 day) portion of the last year of his sentence, although he will never have served a single day of that last year.   In fact, it appears that he may not serve out the entirety of his sixth year.

BOP internal guideline, Program Statement 5880.28, Sentence Computation Manual CCCA ("PS 5880.28") (relevant portions are attached as Attachment F to the Scannell Decl.) sets forth the BOP method of calculation.   In determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by the model prisoner shall be prorated to 0.148 days of credit for every actual day served during good behavior (54/365 = 0.148).   Id.

<u>ARGUMENT</u>

I.    THE PETITION SHOULD BE DISMISSED BECAUSE
      <u>IT IS NOT RIPE FOR JUDICIAL REVIEW</u>

As noted, Petitioner's claim that the BOP has improperly calculated his GCT

credits has not been presented to BOP.  <u>Id</u>. §§ 3-4, Attachment H.  The petition should be

dismissed under the traditional requirement that a prisoner must exhaust his

administrative remedies before applying for habeas relief under 28 U.S.C. § 2241.  In

<u>Rogers v. United States</u>, 180 F.3d 349, 357-58 (1st Cir. 1999), the Court of Appeals for

the First Circuit held that an inmate must exhaust the available administrative, BOP,

remedies before judicial review of BOP's calculation of credits to his sentence from prior

custody is available.  The Court held that judicial review is available only after BOP has

calculated the sentence credits and considered the inmate's administrative appeals of the

calculation.  28 C.F.R. §§ 542.10 – 542.16.  <u>See</u>  <u>Moscato v. Federal Bureau of Prisons</u>,

98 F.3d 757, 760 (3d Cir. 1996)(petitioner's procedural default of administrative remedies

barred judicial review of loss of inmate's good time credits); <u>Gonzalez v. Perrill</u>, 919 F.2d

1 (2d Cir. 1990)("It is well settled that an appellant must exhaust his administrative

remedies before seeking habeas corpus relief in the federal courts," in case where inmate

sought re-calculation of sentence length and immediate release); <u>United States v.

Flanagan</u>, 868 F.2d 1544, 1545 (11th Cir. 1989)("granting of credit for time served is in

the first instance an administrative, not a judicial function.").   <u>United States v. Brann</u>,

990 F.2d 103-04 (3rd Cir. 1993) (ripeness for judicial review of sentence credits depends

on exhaustion of BOP remedies); <u>Soyka v. Alldredge</u>, 481 F.2d 303, 306 (3rd Cir.

1973)(premature to seek credit toward service of a sentence until inmate has undertaken

BOP review procedures).

The principle of administrative exhaustion doctrine has several purposes:

> (1) judicial review may be facilitated by allowing the
> appropriate agency to develop a factual record and apply its
> expertise, (2) judicial time may be conserved because the
> agency might grant the relief sought, and (3) administrative
> autonomy requires that an agency be given an opportunity to
> correct its own errors. . . . (cites omitted).

<u>Arias v. United States Parole Commission</u>, 648 F.2d 196 (3d Cir. 1981).

Petitioner is aware of the BOP administrative requirements, as he has utilized the

BOP administrative remedy process in the past.  <u>Id</u>., Attachment H.  Pursuant to BOP

regulations, federal inmates "may seek formal review of an issue which relates to any

aspect of their confinement. . ."  28 C.F.R. § 542.10.  A three-level grievance procedure is

in place to resolve prisoner complaints. 28 C.F.R. §§ 542.10 et seq.  An inmate must

initially attempt to resolve the dispute informally with institution staff.  28 C.F.R.

§ 542.13.  If informal resolution efforts fail, the inmate may raise his complaint to the

Warden of the institution in which he is confined, within 20 calendar days of the date that

the basis of the complaint occurred.  28 C.F.R. § 542.14.  If the Warden denies the

administrative remedy request, the inmate may file an appeal with the Regional Director

within 20 calendar days of the date of the Warden's response.  28 C.F.R § 542.15.  If the

Regional Director denies the appeal, the inmate may appeal that decision to the General

Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response.  <u>See</u> 28 C.F.R. § 542.15.  The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.[5]  Because Petitioner has undertaken no stage of this process, his contentions have not been studied and addressed by BOP staff, much less reconsidered upon administrative appeal.

In addition, the facts regarding Petitioner's claim are unripe at this time because his claim merely speculates that he will be entitled to further GCT credits toward the end of his prison term, when he has not yet had the opportunity to engage in the good conduct to earn them.  <u>Maryland Casualty Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)(judicial review available only when an actual controversy exists that has a definite, concrete and specific set of facts and issues).   Petitioner may or may not display conduct earning additional GCT's, such that there would be an appreciable difference between what BOP now calculates and what Petitioner aspires to achieve.  <u>Id</u>., Attachment E.  The courts have refused to intervene in abstract disagreements on administrative actions.  <u>Ewing v. Mytinger & Casselberry</u>, 339 U.S. 594 (1950).  The

_____

[5] This process, which should occur in a short period of time, is facilitated by computerized indexes of all administrative requests and appeals filed by inmates that are maintained in the Bureau of Prisons computerized data. Hard copies of all administrative remedies that are filed through the Regional and Central Office levels are maintained at the Northeast Regional Office, so a review of the issues raised in each administrative determination can be made.   Pursuant to 28 C.F.R. § 542.14, inmates raising "sensitive" issues as well as inmates challenging disciplinary actions of a discipline hearing officer (DHO), are excused from filing administrative remedies at the institutional level.  They may access the administrative remedy system through submission of a Regional Administrative Remedy Appeal.

facts should be fully developed prior to judicial review, "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148 (1967).  <u>Ernst & Young v. Depositors Econ. Protection Corp.</u>, 45 F.3d 530, 535 (1st Cir. 1995) (whether claim is ripe "typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends on facts that may not yet be sufficiently developed") .  A matter is not ripe for adjudication absent "the threat of significant and immediate impact on the plaintiff." <u>Toilet Goods Ass'n v. Gardner</u>, 387 U.S. 158, 162-64 (1967).

The volume of litigation by prisoners has been a serious concern over many years.[6] Where substantial rights are immediately at issue, early intervention by the courts may serve an important function.  However, judicial review of a prospective early release determination, before it is clear that there will ever be a concrete need for the determination, serves no substantial purpose.

Accordingly, because Petitioner has failed to exhaust BOP administrative remedies and the facts of Petitioner's claimed credits cannot now be fully developed, his claim is unripe and the Court lacks jurisdiction to entertain them.

---

[6]Indeed, the Petition in this action is merely a form filed by many inmates, with blanks left and filed in for petitioners' name and length of sentence.

II.     THE BOP'S CALCULATION OF PETITIONER'S GOOD
        CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)

Petitioner asserts that the BOP incorrectly calculates his Good Conduct Time

("GCT") by substituting "years served" for "term of imprisonment" in 18 U.S.C.

§ 3624(b).   His assertion is incorrect, as is clear from the statute, and as set forth by BOP

regulation, 28 C.F.R. § 523.20.

The Governing Statute and BOP Regulation

The statute governing GCT credits, 18 U.S.C. § 3624(b), provides:

> (b) Credit toward service of sentence for satisfactory behavior.--
> (1) Subject to paragraph (2), a prisoner who is serving a term of
> imprisonment of more than 1 year . . . may receive credit toward the
> service of the prisoner's sentence, beyond the time served, of up to
> 54 days at the end of each year of the prisoner's term of
> imprisonment, beginning at the end of the first year of the term,
> subject to determination by the Bureau of Prisons that, during that
> year, the prisoner has displayed exemplary compliance with
> institutional disciplinary regulations. . . .  Credit that has not been
> earned may not later be granted. . . . [C]redit for the last year or
> portion of a year of the term of imprisonment shall be prorated and
> credited within the last six weeks of the sentence. . . .

The implementing BOP regulation at 28 C.F.R. § 523.20 provides:

> **Good conduct time.**
>
> . . . Pursuant to 18 U.S.C. 3624(b), as in effect for offenses
> committed on or after April 26, 1996, the Bureau shall consider
> whether the inmate has earned, or is making satisfactory progress
> (see § 544.73(b) of this chapter) toward earning a General
> Educational Development (GED) credential before awarding good
> conduct time credit.
> (a) When considering good conduct time for an inmate serving a
> sentence for an offense committed on or after April 26, 1996, the
> Bureau shall award:

> (1) 54 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
> (2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.
> (b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter).

28 C.F.R. § 523.20.

The statute requires that credit be given an inmate "<u>at the end of each year</u> of the prisoner's term of imprisonment" (emphasis added).  At the end of each year, the BOP is required to examine the prisoner's record of conduct over the past year and decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1).  If so, the BOP awards GCT's at that time.  The credit of GCT's for that year results in a sentence shortened at that time by the number of days of the GCT credit.  Over a period of years, the sentence may have become substantially shorter than the sentence imposed.  The amount of the sentence reduced at the end of each year no longer exists and cannot be a basis for further GTC's, so that an inmate cannot receive any GCT for time not actually served.

The statute also provides, "Credit that has not been earned may not later be granted."  This language indicates that GCT credit must be earned and not accorded automatically to the period of an imposed sentence that has not been served.

9

The BOP's interpretation of the statute in this regard is set forth in a duly promulgated regulation, and consequently is entitled to full deference under <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council</u>, 467 U.S. 837 (1984).  <u>See</u> <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266, 1270 (9th Cir. 2001).  Under <u>Chevron</u>, the BOP's regulation is to be upheld if it is "based on a permissible construction of the statute."  467 U.S. at 843.

The two circuit courts of appeal that have considered the issue raised here have upheld the BOP administration of the statute.  In <u>Pacheco-Camacho</u>, the Ninth Circuit rejected the same argument made by petitioner here because, if adopted, the argument would "confer upon the prisoner a bonus during his last year of imprisonment."  272 F.3d at 1269.  The court concluded, "Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year."  <u>Id</u>.  The court further concluded that the BOP's implementing regulation was entitled to <u>Chevron</u> deference and that it reflected a reasonable interpretation of the statute.  <u>Id</u>. at 1270-1271.

The Court of Appeals for the Sixth Circuit, in two unpublished opinions, has also upheld the BOP's approach to determining GCT credits.  <u>See</u> <u>Brown v. Hemingway</u>, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); <u>Williams v. Lamanna</u>, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001) ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").

The Petitioner relies on <u>White v. Scibana</u>, 2003 WL 23171593 (W.D. Wis. 2003), which held to the contrary.  Respondent suggests that the <u>White</u> opinion is not well reasoned.  The <u>White</u> opinion gives no consideration to the statutory language that credit be established "at the end of each year of the prisoner's term of imprisonment," and offers no analysis of how, under the Petitioner's theory, "credit for the last year or portion of a year . . . shall be prorated . . . ."  The <u>White</u> opinion also fails to acknowledge the statutory command that "credit that has not been earned may not later be granted."

In addition to the courts of appeals, five district court opinions have upheld the validity of the BOP's determination of GCT credits.  <u>See</u> <u>O'Donald v. Johns</u>, 03-CV-164J (W.D.Pa. June 10, 2004)(BOP's construction of the statute appears to be the only reasonable way of construing the statute to give effect to the statutory command to give an inmate credit annually at the end of each year of imprisonment); <u>Pasciuti v. Drew</u>, 2004 WL 1247813, No. 9:04 CV-043 (N.D.N.Y. June 2, 2004)("BOP's interpretation is not only reasonable, but is in fact the only logical one there is.  The statute awards GCT based upon BOP's determination that 'during that year' the prisoner complied with institutional disciplinary regulations");  <u>Webb v. Deboo, et al.</u> (Case No. 3:03CV961, Dorsey, J., Ruling and Order filed 9/22/03, D. Ct.)(Petitioner "cannot receive good time credit for time she did not serve."); <u>Martinez v. Wendt</u>, 2003 WL 22456808 (N.D. Tex. 2003) (language of 18 U.S.C. § 3624 "is not ambiguous and that the BOP regulation and Program Statement correctly interpret and implement the statute"); <u>DeGerolamo v. White</u> (Civil Action No. 03-139 (D.N.J.), Wolfson, J., Opinion filed 5/20/03, D. N.J.)(to the

11

extent that the language of the statute "could be deemed ambiguous," court adopted reasoning of the Ninth Circuit in <u>Pacheco)</u>.[7]

<u>CONCLUSION</u>

For the foregoing reasons, the Petition for habeas corpus is without merit and should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Anita Johnson
ANITA JOHNSON
Assistant U.S. Attorney
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3282

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served upon Petitioner Harold Evans, 06646-084, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class mail, postage prepaid mail on this [13th] day of August, 2004.

/s/ Anita Johnson

---

[7]    <u>See</u> <u>also</u>, <u>Montalvo v. United States</u>, 174 F.Supp.2d 10 (S.D.N.Y. 2001)(noting that 18 U.S.C. § 3624(b) credits good conduct time based on actual time served).